E-FILED
Tuesday, 16 May, 2006 12:15:02 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
Central DISTRICT OF ILLINOIS
___Peoria___ DIVISION



**FILED**

MAY 1 6 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Terry L. Fish___,
Affiant

v.

John Nottoli
dba Hertz Renta Car Licensee
Bloomington, Illinois 67102
Defendant(s)

CASE NUMBER: 06-1127
(To be supplied by
Clerk's Office)

### AFFIDAVIT OF INDIGENCY

**(EACH PLAINTIFF MUST COMPLETE A SEPARATE AFFIDAVIT OF INDIGENCY)**

I, ___Terry L. Fish___, being first duly sworn, depose and make under oath the following application and affidavit, pursuant to Title 28 U.S.C. § 1915, to proceed <u>in forma pauperis</u> in the United States District Court for the Middle District of Florida. I am unable to make prepayment of fees and costs or to give security therefor, and it is my belief that I am entitled to redress, and that I have not, for the purpose of avoiding payment of said cost, divested myself of any property, monies, or any items of value.

I.   BRIEF STATEMENT OF THE NATURE OF THE ACTION: Federal
Diversity Jurisdiction pursuant to 28 USC 1331; 28 USC
1332 (a)(1)(c)(1); Action at Law- Money due and owing for a
Contract for full relief for injuries suffered in an Auto
Accident in the State of Ohio.

AO 240  (Rev. 9/96)

# UNITED STATES DISTRICT COURT

_Central_  **District of** _Illinois_

Terry Fish

Plaintiff

V.

**APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT**

John Nottoli

Defendant

CASE NUMBER:

I, _Terry Fish_ declare that I am the (check appropriate box)

G petitioner/plaintiff/movant          **G** other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs
under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief
sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1.  Are you currently incarcerated?          **G** Yes          **G** No          (If "No," go to Part 2)

    If "Yes," state the place of your incarceration _____

    Are you employed at the institution? _____  Do you receive any payment from the institution? _____

    Attach a ledger sheet from the institution(s) of your incarceration showing at least the past **six** months'
    transactions.

2.  Are you currently employed?          **G** Yes          **G** No

    a.  If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name
        and address of your employer. (part time construction) Brother—BK Exteriors
        11251 Knotty Pine Drive New Port Richey Fla. 34654-1946
        work and pay vary from week to week ($30 a day maximum pay)

    b.  If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages
        and pay period and the name and address of your last employer.

3.  In the past 12 twelve months have you received any money from any of the following sources?

    | | | Yes | No |
    |---|---|---|---|
    | a. | Business, profession or other self-employment | **G** Yes | **G** No |
    | b. | Rent payments, interest or dividends | **G** Yes | **G** No |
    | c. | Pensions, annuities or life insurance payments | **G** Yes | **G** No |
    | d. | Disability or workers compensation payments | **G** Yes | **G** No |
    | e. | Gifts or inheritances | **G** Yes | **G** No |
    | f. | Any other sources | **G** Yes | **G** No |

AO 240 (Rev. 9/96)

If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the amount received and what you expect you will continue to receive.

AO 240 Reverse (Rev. 9/96)

*Social Security Disability – $917 per month*

4. Do you have **any** cash or checking or savings accounts?    **G** Yes    **G** No

   If "Yes," state the total amount. _____

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value?    **G** Yes    **G** No

   If "Yes," describe the property and state its value.

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support.

   *None*

I declare under penalty of perjury that the above information is true and correct.

*May 10, 2006*
_____
Date

_____
Signature of Applicant

**E-FILED**
Tuesday, 16 May, 2006 12:15:21 PM
Clerk, U.S. District Court, ILCD

**RECEIVED**

MAY 1 6 2006

U.S. CLERK'S OFFICE
PEORIA, ILLINOIS

**IN THE FEDERAL DISTRICT COURT OF ILLINOIS**

**CENTRAL DISTRICT**

| | |
|---|---|
| Terry Fish , Plaintiff | { **FEDERAL DIVERSITY PURSUANT** |
| 11251 Knotty Pine Drive | { **28 USC 1331 ; 28 USC 1332(a)(1), and** |
| New Port Richey Fla., 34654-1946 | { **(c) (1).** |
| | { **Motor Vehicle Accident Resulting in** |
| **vs.** | { **Physical Injury** |
| | { **Action for Legal Relief to enforce a** |
| John Nottoli , Defendant | { **Contract ; Action at Law** |
| Dba Hertz Rent A Car Licensee | { |
| 2810 Empire St. | { |
| Bloomington Illinois 61702 | { |

06-1127

**JURISDICTION AND VENUE**

This is a federal diversity action at law filed pursuant to federal statute 28 USC 1331 and

28 USC 1332 (a)(1) and (c)(1); the Plaintiff was a citizen of Ohio at the time of the tort

commenced and the defendant is a corporation which has its primary place of business

incorporated in Illinois in Bloomington , Mclean County .

**HISTORY OF THE CASE**

It is undisputed that a rental car owned and operated by the defendant , struck the

Plaintiff's car from behind on  March 11, 1992 on Ohio Interstate I-70 in Belmont

County Ohio. It is undisputed that the accident caused serious bodily damage to the

plaintiff , resulting in " whiplash " , an abnormal spine curvature ; and two (2) ruptured

or " hernia " of the cervical ( neck ) discs. It is undisputed that the operator of the

defendant's rental vehicle negligently caused the collision. The original complaint was

filed in the Ohio court in the County in which the accident occurred ; Common Pleas

Court of Belmont County Ohio. The Complaint was filed on August 16 , 1993 , which is

within the two (2) year statute required by Ohio Law , ORC 2305.10 for bodily injury.

**PAGE ONE**

The case was designated civil

case 93-CIV-281. The Belmont County Court of Common Pleas failed to assume proper

jurisdiction under Ohio Personal Jurisdiction law ORC 2307.382(A),(3),(8), and (9) :

" causing tortious injury by an act or omission in this State { Ohio } ; having an interest

in, using or possessing real property in this State; contracting to insure any person ,

property or risk located within this State at the time of contracting."

The journal entry for civil case 93-CIV-281 dated DEC 8 , 93 fails to provide

independent , separate , adequate state law grounds. The entry fails to clearly and

reasonably provide a legal basis for the entry. The failure of a trial court to establish a

legal decision based on independent state law grounds deprives an appellate court , a

court of the first error correction instance , jurisdiction over the subject matter. The Ohio

Court failed to provide a legal analysis why it did not assert subject matter or personal

jurisdiction over the defendant,as stated in US Supreme Court rulings :

*Piper Aircraft v. Reyno 454 US 235 ( 1981 ) , and Worldwide Volkswagen v. Woodson*

*444US 286-290( 1980 ).*

As stated in US Supreme Court opinions :

" The chief rule which preserves our two systems of courts from actual conflict
of jurisdiction is that the court which first takes the subject matter of the litigation
into its control , whether this be person or property , must be permitted to exhaust
its remedy , to attain which it assumed control , before the other court shall attempt
to take it for its purpose."
*Ponzi v. Fessenden , 258 US 254 ( 1922 )*

" but only for prescriptions delineating the classes of cases ( subject matter
jurisdiction ) and the persons (personal jurisdiction) falling within a
court's a judicatory authority."
*Quoting : Scar borough v. Principi , Secretary of Veterans Affairs No. 02-1657( 2004)*

**PAGE TWO**

*Citing ; Kontrick v. Ryan 540 US ____( slip op. At 10), No.02-819(2004)'*

The Ohio judicial proceedings which establish personal jurisdiction over the defendant

and jurisdiction over the subject matter are :

1) *Tipton v. Fleet Maintenance Co., ( Common Pleas Ohio 1957 ) 142 NE 2d 882:*

"Non resident operator , who, while using highways within the State of Ohio negligently
caused injury to another , since term operator in statutes includes one for whose purpose
a motor vehicle is being operated."

2) *Ross v. Spiegel ,( Ohio App. 1977) , 53 Ohio App. 2d 297 , 373 NE 2d 1288:*

" Ohio Civil Rule 4.3(A)(5), { out of state service upon non resident}, does not require
that a defendant corporation sell goods in Ohio and the stream of commerce theory
though not specifically incorporated in Civ. R.4.3 (A)(5) , can be used as evidence
from which the trier of fact can infer that the defendant could have reasonably
expected the goods to be used in the state of Ohio."

" The defendant derived a substantial benefit from the use of his rental vehicle subjecting
the defendant to liability."

These Ohio judicial proceedings are consistent with the US Supreme Court rulings

which discuss the liability incurred by an individual or any person , agent or actor

engaged in any activity on behalf of that individual. The matters of fact and law shows

that the defendant is responsible for the outstanding medical bills and economic losses

suffered by the Plaintiff for physical injuries. The Plaintiff has also sought relief in the

Illinois state court where the defendant has his principal place of business , 2810

Empire St., Bloomington Illinois. The state court that should have jurisdiction is the

Circuit Court of Mclean County Illinois . The Plaintiff has attempted to have the matter

a judicated in a State court under Illinois State Law . The case was listed as Civil Case

05 L 74. The case was filed on April 9, 2005.

The Illinois trial court had scheduled a pre trial scheduling conference for

## PAGE THREE

October 25 , 2005. As shown by the attached documentation from the Plaintiff to the

Illinois Appellate Court for the Fourth District , there was confusion on whether an

appeal was the appropriate procedure and the plaintiff was waiting for the clerk of the

Illinois trial court to explain the reason for not having the pre trial scheduling conference

And why the plaintiff had not been informed by correspondence. The Plaintiff also acted

with due diligence in filings with the Illinois Courts. The Illinois trial court failed to

state independent , separate , bona fide and adequate state law grounds for Civil case 05 L

74. This deprives an appellate court,a court of review and an error correction of he first

instance, jurisdiction over the subject matter. *( Michigan v. Long ,463 US 1032 ,1983)*

The Mclean County circuit court of Illinois had competent jurisdiction over the subject

Matter and the defendant as the defendant is incorporated as his primary place of business

In Illinois and the vehicle was contracted for use from the defendant's car rental agency

Located in Illinois.The contract to pay all medical bills and al related economic losses

Is enforceable.The payment's made by the defendant's Charter Risk retention Group for

physical damage to the Plaintiff's auto in the amount of $642.99 on April 19 , 1992 and

the partial payment  of $9,351.25 on November 23 , 1997 by the liquidation company for

Charter Risk Retention Group , which was ordered liquidated by the State of Nebraska ,

Shows that the defendant's specific agent acting on behalf of the defendant accepted

Responsibility for the accident and by course of conduct has established a contract

With the Plaintiff for full relief for economic losses. In addition the defendant has

invoked the protection and benefit of Ohio Law , Ohio Rule of Procedure 12.

## PAGE FOUR

As verified by US Supreme Court ruling *Hanson v. Denckla , 357 US 235-263 ( 1958 ),*

By invoking the law of that state the defendant subjects himself to the laws of the State.

As stated by the US Supreme Court in the ruling  *Norfolk Southern v. James Kirby dba*

*Kirby Engineering 02-1028 ( 2004);*

" The decision simply say that contracts……. must be construed like any other
   contracts; by their terms and consistent with the intent of the parties. "

As stated by the US Supreme Court , once the defendant placed his product into the

Stream of commerce under the stream of commerce theory , there is no need to show

Additional conduct by the defendant aimed at the forum state.[ Ohio }.

*Ashai Metal Industry Co., v. Superior Court of California 480 US 102 ( 1987 ).*

## ANALYSIS

The Plaintiff in his complaint has proved that one person , not merely a volunteer , paid

*partially* the debt for which another is primarily liable and in which equity and good

conscience should have been paid by the latter – the defendant . As stated in Illinois

Appellate Court Ruling :

" A medical payments provision in an automobile liability policy
   is a special provision . The purpose of a medical payments
   provision is to provide prompt and adequate medical care when
   injury is incurred. The provision provides coverage for the benefit
   of the **injured party** without regard to the liability of the named insured.
   The obligation of the insurer runs separately and directly to the injured
   person rather than to the person insured against liability.

*American Family Insurance Group v. Cleveland and Londrigan No 4-04-0716*
*Fourth District Appellate Court Illinois, ( 2005 ).*

A medical payments provision is similar to a health insurance policy covering
   the injured person.

*Gibson v. County Mutual Insurance Co., 193 Ill. App. 3d 87-92 , 549 NE 2d
23-26 ( 1990 ).*

## PAGE FIVE

Injured passenger occupies a position similar to the named insured .

*Garcia v. Lovellette 265 Ill. App. 3d 724-729 , 639 NE 2d 935-939 ( 1994 ).*

The Plaintiff , who was the injured party , is entitled to full payment of all medical

Bills and for all economic losses. The Plaintiff has stated in his complaint for civil case

05 L 74 that the State of Ohio has failed to recognize the Personal Jurisdiction Law

of Ohio as competently legislated and failed to provide independent , adequate , separate

state law grounds for a decision ; the Ohio state courts failed to provide an analysis as

required by *Piper Aircraft v. Reyno 454 US 235 ( 1981 ), Worldwide Volksvagen v.*

*Woodson 444 US 286-290 ( 1980 )* , the Ohio courts failed to recognize that the

course of conduct and intent by the defendant's agents , the Charter Risk Retention

Group and The Liquidation of this Insurance Group , constitute a contract that is

Enforceable. The Illinois trial court had jurisdiction to enforce the contract established by

the defendant's agents and the plaintiff as it could against a non-resident under Illinois

Law 735 ILSC 5/2-209 , Act Submitting to Jurisdiction (a) (1) , (2), (7), and (12) and (b)

(3) and (4).The plaintiff is entitled to be treated as others similarly situated as being the

injured party of an automobile accident caused by an Illinois resident owner and operator

of a rental vehicle

" The equal protection clause of the Fourteenth Amendment
commands that no State shall deny any person within its
jurisdiction the equal protection of the laws , which is
essentially a direction that all persons similarly situated
should be treated alike."

*City of Cleburne v. Cleburne Living Center , 473 US 432, 439 ( 1985 ).*

**PAGE SIX**

## STATE POWER

The states are allowed great leeway under their police power to adopt regulations that

Protect the health and safety of their citizens. ( *Lenscrafters Inc., v. Sundquist , in his official capacity as Governor of Tennessee , et. al. ; Certified Question from the United States District Court for the Middle District of Tennessee , No. 3:98-0150 ( 2000 ).*

" …….is coterminous with the scope of a sovereign's police powers. "
*Hawaii Housing Authority v. Midkiff , 467 US 229 ( 1984 ).*

As determined by the US Supreme Court :

" Non residents using highways are operating dangerous machines
and that such use is attended by serious dangers to persons and property.
in the public interest , the state may make and enforce regulations
reasonably calculated to promote care on the part of all , residents
and non residents alike , who use its highways. "
*Hess v. Pawloski , 47 Sct 632 ( 1927 ).*

As stated by the Plaintiff in his complaint , citing US Supreme Court rulings of

*Carroll v. Lanza, 349 US 408 ( 1955 ),,*

" The State where the tort occurs certainly has a concern in the problems
following in the wake of the injury."

*Pacific EmployersIns.Co., v. Industrial AccidentComm'n , 306 US 493 ( 1939 ),*

" Few matters could be deemed more appropriately the concern of the State
in which an injury occurs or more completely within its power."

The US Supreme Court has ruled that courts must provide a basis for its decision.

As stated in *Nixon v. Warner Communications Inc., 435 US 589 (1978 ):*

" Public interest in understanding the judicial system , courts must inform
the public of the basis of its decision."

## PAGE SEVEN

The failure of the Ohio trial court to assume proper jurisdiction for civil case 93-CIV-281

And to hold a civil trial ; and the failure of the Illinois trial court to hold a schedule trial

For civil case 05 L 74 is a violation of the Plaintiff's secured right under the First

Amendment of the US Constitution to petition the judicial branch for a redress of a

Grievance ; a violation of the Fifth Amendment to a secured right of liberty to access to

The courts ; a violation of the Plaintiff's right under the Seventh Amendment to the right

**To a trial for an amount which exceeds twenty ( $20) dollars ; violates the Fourteenth

Amendment right to due process , right to equal protection under the law and the right to

Equal justice under the law. The attachments to this complaint are competent proof that

the matters of fact and matters of law discussed by the Plaintiff establish legal grounds

upon which relief can be granted. ( *Cf. Grafon v. Haussermann 602 F2d 781-783 ,*

*7th Circ. , 1979 ).*

{ ** As stated by the US Supreme Court in *Duncan v. Louisiana 391 US 145;*
   " Any value over $20 , or over six months incarceration must be granted rights to a
   trial by jury." }

## RELIEF SOUGHT

The Plaintiff seeks full relief for medical bills , economic losses , physical pain and

suffering and emotion stress and mental anguish in the amount of $150,000.

The Plaintiff has no adequate remedy under state law of Ohio or Illinois as discussed.

Executed on May 10 , 2006

I certify and declare under the penalty of perjury that the fore going is true and correct.

*Terry Fish*     5. 10. 06

Terry L. Fish , Plaintiff Pro Se
11251 Knotty Pine Drive
New Port Richey Fla., 343654-1946
( 727, 857,1638 )

## *SUMMONS*

Pursuant to Federal Rule of Procedure Rule 4(c)(1)and (2) , the Plaintiff has requested to proceed *in forma pauperis* pursuant to 28 USC 1915 . The service to be effected by a US Marshall or Deputy Marshall or other person specifically appointed by the Court for that purpose.

Terry Fish    5.10.06

Terry L Fish Plaintiff Pro Se
May 10, 2006

## ATTACHMENTS

A) Complaint filed in the Common Pleas Court of Belmont County Ohio on August 23 ,
   1993 for the Automobile Accident caused by the negligent operation of the
   Defendant's rental vehicle , Civil case 93-Civ –281.

B) Affidavit of the Defendant, John Nottoli , invoking the benefit and protection of Ohio
   Law , Civil Rule of Procedure 12 (B), claiming the Personal Jurisdiction Law of Ohio
   Ohio Revised Code ORC 2307.382 is invalid.

C) Entry of Belmont County Court of Common Pleas dated DEC 8 , 93 ( December 8,
   1993 ), the entry fails to provide any independent , separate , adequate , bona fide
   state law grounds for this illegal decision.

D) Order of Liquidation and Dissolution of the Charter Risk Retention Insurance Group
   Company by the Sate of Nebraska , dated December 3, 1992.

E) Letter from counsel of record for the Plaintiff to the Liquidation Service and Proof
   Of Claim , dated March 3, 1993.

F) Copy of Check for $642.99 paid by the defendant's agent- Liquidator for physical
   Damage to the Plaintiff's auto, dated April 9/ 1992.

G) Copy of Medical Bills sent to defendant's agent – Liquidator , dated October 21,
   1993.

H) Copy of Check for $9, 351.25 from the defendant's insurance liquidator dated
   November 23 , 1997 – a period of five (5) years and eight (8) months before
   This partial payment was made.

IN THE COURT OF COMMON PLEAS OF BELMONT COUNTY, OHIO

TERRY FISH
229 Eastern Avenue
Woodsfield, OH  43793

       Plaintiff,

  v.

RICARDO LARA
1107 Green #132
Urbana, Illinois  61801

  and

JOHN NOTTOLI
Hertz Rent-A-Car, Licensee
1101 E. Oakland Avenue
Bloomington, Illinois  61701

  and

Linda Moore
63350 Joe Jefferies Road
Barnesville, OH  43713

      Defendants.

Case No. 93-CIV-281

C O M P L A I N T

Judge: _____

COUNT I

1.  Plaintiff is a resident of the State of Ohio.

2.  Defendant, Ricardo Lara, is a foreigner residing in the State of Illinois with minimum contacts with Belmont County, Ohio, to enable this Court to invoke jurisdiction.

3.  Defendant, John Nottoli, Hertz-Rent-A-Car, Licensee, resides and does business in the State of Illinois with minimum contacts with Belmont County, Ohio, to enable this Court to invoke jurisdiction.

4.  Defendant, Linda Moore, is a resident of the State of Ohio.

5.  On or about 3/11/92 on Interstate 70, near St. Clairsville, Ohio, defendant, Ricardo Lara, in a car rented to him by defendant, John Nottoli, Hertz-Rent-A-Car, negligently and carelessly drove a car

(ATTACHMENT A)

into a car driven by the plaintiff, Terry Fish.

6.   Plaintiff, Terry Fish, at all times was acting reasonably under the circumstances.

7.   As a direct and proximate result of the defendants', Ricardo Lara and John Nottoli, Hertz Rent-A-Car's, negligence, Terry Fish has suffered damages requiring hospitalization, hospitalizations requiring doctor visits, requiring x-rays, requiring pain relieving prescriptions, requiring therapy and treatment by hospital and medical providers.  Plaintiff also requires an operation on the spinal cord and vertebrae.

8.   As a direct and proximate result of the negligence of the defendants, Ricardo Lara and Hertz Rent-A-Car, plaintiff has suffered injuries to his neck, back, spine and right should and entire body.  Said injuries are permanent in nature, have been continuing since the date of the accident, and will be permanent and ongoing in nature into the indefinite future.

9.   Plaintiff also suffers from emotional distress and other emotional trauma as a result of the negligence of defendants, Ricardo Lara and Hertz REnt-A-Car.

10.  Plaintiff was forced to endure pain and suffering as a result of the negligence of the defendants.

                          COUNT II

1.   Plaintiff hereby incorporates all allegations in Count I into Count II as if fully plead herein.

2.   On or about 3/17/92 near Belmont Technical College in St. Clairsville, Ohio, County of Belmont, defendant, Linda Moore, negligently and carelessly drove into a car driven by the plaintiff, Terry Fish.

3.   Plaintiff, Terry Fish, at all times was acting reasonably under the circumstances.

4.   As a direct and proximate result of the defendant, Linda Moore's negligence, plaintiff, Terry Fish, has suffered damages requiring hospitalization, hospitalizations requiring doctor visits, requiring x-rays, requiring pain relieving prescriptions, therapy and treatment by hospital and medical providers.

5.   As a direct and proximate result of the negligence of the defendant, Linda Moore, plaintiff has suffered injuries to his neck, back, spine, and right shoulder and entire body.  Said injuries are permanent in nature, have been continuing since the date of the accident, and will

be permanent and ongoing in nature into the indefinite future.

6.    Plaintiff also suffers emotional distress and other emotional trauma as a result of the negligence of the defendant, Linda Moore.

7.    Plaintiff was forced to endure pain and suffering as a result of the negligence of the defendant, Linda Moore.

### COUNT III

1.    Plaintiff hereby incorporates all allegations of Counts I and II into Count III as if fully plead herein.

2.    Plaintiff states that the defendants through their joint and concurrent negligence were the direct and proximate cause of the plaintiff's injuries, both physical and emotional in nature.

### COUNT IV

1.    Plaintiff hereby incorporates all allegations of Counts I, II and III into Count IV as if fully plead herein.

2.    Defendant, John Nottoli, Hertz Rent-A-Car, failed to act reasonably and secure adequate insurance coverage with a reasonable quality company, which is not high risk.

3.    Defendant, John Nottoli, Hertz Rent-A-Car, negligently entrusted a motor vehicle to Ricardo Lara, a foreigner, without security or references.

WHEREFORE, plaintiff demands judgment against defendants, jointly and severally for a sum in excess of Twenty Five Thousand ($25,000.00) Dollars, interests and costs.

Respectfully submitted,

RONALD K. LLOYD (0042572)
Attorney for Plaintiff
904 Sinclair Building
Steubenville, OH    43952
(614) 282-3600

IN THE COURT OF COMMON PLEAS OF BELMONT COUNTY, OHIO

TERRY FISH,                          )
                                     )
              Plaintiff,             )
                                     )
vs.                                  )
                                     )
RICARDO LARA,                        )    No.  93-CIV-281
                                     )
and                                  )
                                     )
JOHN NOTTOLI, Hertz Rent-A           )
Car Licensee,                        )
                                     )
and                                  )
                                     )
LINDA MOORE,                         )
                                     )
              Defendants.            )

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER RULE 12(B)(2)

Defendant, JOHN NOTTOLI, INC. respectfully moves this court pursuant to Rule 12(B)(2), to dismiss this cause against JOHN NOTTOLI, INC. and in support thereof stating:

1.    Personal jurisdiction over JOHN NOTTOLI, INC., if any, must be asserted pursuant to RC §2307.38.2.

2.    As more fully set forth in the Affidavit of John Nottoli which is attached hereto and marked Exhibit A, JOHN NOTTOLI, INC. has no contacts, not even minimal contacts, with the State of Ohio.

3.    There is no basis under RC §2307.38.2 to assert personal jurisdiction over JOHN NOTTOLI, INC.

WHEREFORE, defendant, JOHN NOTTOLI, INC. prays an Order of this court dismissing this cause against JOHN NOTTOLI, INC.

MOTION SET 10-18-93
                9:15AM
NOTIFIED ATTORNEY

PERSONALLY

STATE OF OHIO
BELMONT COUNTY

RANDY L. MARPLE, CLERK OF COURTS, DO HEREBY CERTIFY THAT THE ABOVE IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE THIS OFFICE.

RANDY L. MARPLE, CLERK OF COURTS
BY Thelma Barton          DEPUTY

DEFENDANTS
EXHIBIT

(ATTACHMENT B)

IN THE COURT OF COMMON PLEAS OF BELMONT COUNTY, OHIO

TERRY FISH,                           )
                                      )
                    Plaintiff,        )
                                      )
vs.                                   )
                                      )
RICARDO LARA,                         )      No.  93-CIV-281
                                      )
and                                   )
                                      )
JOHN NOTTOLI, Hertz Rent-A            )
Car Licensee,                         )
                                      )
and                                   )
                                      )
LINDA MOORE,                          )
                                      )
                    Defendants.       )

## AFFIDAVIT

STATE OF ILLINOIS      )
                       )  ss.
COUNTY OF McLEAN       )

I, JOHN NOTTOLI, after having been first duly sworn on oath and affirmation state:

1. I am of sound mind and memory, under no legal disability, and if called could competently testify to the facts set forth herein.

2. I am the president and chief executive officer of JOHN NOTTOLI, INC.

3. JOHN NOTTOLI, INC. is an Illinois corporation which is *not* registered to do business in the State of Ohio.

4. JOHN NOTTOLI, INC. has no offices, assets nor employees in the State of Ohio.

5. JOHN NOTTOLI, INC. transacts no business in the State of Ohio.



DEFENDANT'S
EXHIBIT

6.    JOHN NOTTOLI, INC. is an independent corporation wholly separate and apart from the Hertz Corporation.

7.    JOHN NOTTOLI, INC. is not a subsidiary of the Hertz Corporation; Hertz owns no stock of JOHN NOTTOLI, INC.; and there are no common officers or directors between JOHN NOTTOLI, INC. and the Hertz Corporation.

8.    Defendant, RICARDO LARA is not now, nor ever has been an employee of JOHN NOTTOLI, INC.

9.    At the time set forth in the complaint, defendant, RICARDO LARA was not engaged in any pursuit nor performing any task at the request of, or on behalf of, JOHN NOTTOLI, INC.

FURTHER AFFIANT SAYETH NOT.

_____
John Nottoli

"OFFICIAL SEAL"
James P. Ginzkey
Notary Public, State of Illinois
My Commission Expires 7/18/96

Subscribed and sworn to before me
this _____ day of _____,
199__.

_____
Notary Public

JAMES P. GINZKEY
Hayes, Schneider, Hammer, Miles & Cox
202 North Center Street
P.O. Box 3067
Bloomington, Illinois 61702-3067
(309) 828-7331

IN THE COURT OF COMMON PLEAS OF BELMONT COUNTY, OHIO

TERRY FISH
229 Eastern Avenue
Woodsfield, OH 43793

      Plaintiff,

      v.

RICARDO LARA
1107 Green #132
Urbana, Illinois 61801

      and

JOHN NOTTOLI
Hertz Rent-A-Car, Licensee
1101 E. Oakland Avenue
Bloomington, Illinois 61701

      and

Linda Moore
63350 Joe Jefferies Road
Barnesville, OH 43713

      Defendants.

Case No. __93-CIV-281__

COMPLAINT

Judge: _____

FILED
SOUTHERN DISTRICT OF ILLINOIS
95 JUL 3? PM 11 18

COUNT I

1.  Plaintiff is a resident of the State of Ohio.

2.  Defendant, Ricardo Lara, is a foreigner residing in the State of Illinois with minimum contacts with Belmont County, Ohio, to enable this Court to invoke jurisdiction.

3.  Defendant, John Nottoli, Hertz-Rent-A-Car, Licensee, resides and does business in the State of Illinois with minimum contacts with Belmont County, Ohio, to enable this Court to invoke jurisdiction.

4.  Defendant, Linda Moore, is a resident of the State of Ohio.

5.  On or about 3/11/92 on Interstate 70, near St. Clairsville, Ohio, defendant, Ricardo Lara, in a car rented to him by defendant, John Nottoli, Hertz-Rent-A-Car, negligently and carelessly drove a car

(Page Seventeen)

COURT OF COMMON PLEAS OF BELMONT COUNTY, OHIO

# DOCKET ENTRY  93-CIV-281

TERRY FISH

_____
Plaintiff

RICHARD LARA, ET AL.

_____
Defendant

Case No. _____

Journal Vol. _____ Page _____
DEC. 8          93

Date of Entry _____, 19___

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION GRANTED.

JOURNALIZED

'93 DEC 9 PM 3 06

COMM... FILED ...

Approved:

_____
Attorney — For Plaintiff

_____
Attorney — For Defendant

_____
Judge

THIS ENTRY MUST NOT BE REMOVED
FROM CLERK OF COURTS OFFICE

250/265

12474 c

(Appendix C)

(ATTACHMENT D)

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

STATE OF NEBRASKA, EX REL.  )
WILLIAM H. MCCARTNEY,        )
DIRECTOR OF INSURANCE OF     )        DOCKET 490     PAGE 008
THE STATE OF NEBRASKA,       )
                             )
        PETITIONER,          )          APPOINTMENT OF
                             )          SPECIAL DEPUTY
v.                           )          LIQUIDATOR
                             )
CHARTER RISK RETENTION GROUP )
INSURANCE COMPANY,           )
                             )
        RESPONDENT.

    I, William H. McCartney, Director of Insurance for the State

of Nebraska and duly appointed Liquidator of Charter Risk Retention

Group Insurance Company, hereby appoint Hugh Alexander with

Alexander & Associates, P.C., 216 16th Street, Suite 1300, Denver,

Colorado 80202 as Special Deputy Liquidator as authorized by the

Court's Order of Liquidation dated December 2, 1992, and by

Neb.Rev.Stat. §44-4821 (Cum. Supp. 1992).

    Dated this _3rd_ day of December, 1992.

                                    WILLIAM H. MCCARTNEY
                                    Liquidator      of
                                    Charter      Risk
                                    Retention     Group
                                    Insurance Company

CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true copy of the above
Appointment of Special Deputy Liquidator was served upon Edward
Cantwell, 2445 South 130th Circle, Omaha, Nebraska 68114, by U.S.
Mail, postage pre-paid this _3_ day of December, 1992.

Of Wyoming

PROOF OF CLAIM
IN THE MATTER OF

MAR 1 5 1993

CHARTER RISK RETENTION GROUP INSURANCE COMPANY IN LIQUIDATION Received

DEADLINE FOR FILING PROOF OF CLAIM FORM IS: DECEMBER 03, 1993

READ THE INSTRUCTION SHEET CAREFULLY BEFORE COMPLETING THIS FORM

| | |
|---|---|
| JERRY FISH<br>C/O RONALD LLOYD<br>SINCLAIR BLDG STE 904-911<br>STEUBENVILLE OH 43953 | Policy No.: RAC RRC10740<br>Insured: HERTZ RENT A CAR<br>Prior Claim No. CL006403 002<br>Date of Loss: 03/11/92 |

Liquidation Claim No.: 3 04 00505 63
Reference : CLAIMANT/HERTZ RAC

POLICYHOLDERS AND CLAIMANTS (OTHER THAN POLICYHOLDERS):
ATTACH DOCUMENTATION TO SUPPORT YOUR CLAIM AMOUNT

CLAIM AMOUNT

Claim is made by policyholder for benefits provided by policy listed above _____

Claim is made by policyholder for return of premium. _____
If financed - - - Finance Company _____
Contract # _____

Claim is made against a policyholder of the above named Company. 3,000,000.00

Claim is made by an attorney for unpaid legal expenses. _____

Claim is made by an adjuster for unpaid adjustment expenses. _____

Claim is made by a former employee of the company for unpaid wages. _____

Claim is made by a general creditor for unpaid commissions or invoices. _____

All other claimants (Describe nature of claim & consideration given for it). _____

the amount of the claim is unknown, the amount may be omitted or you may insert the words
"stated Amount", however, claim value must be documented as soon as possible. If value has
been established on the date chosen for distribution of assets, the claim will not be
eligible to share in the distribution of funds.

TOTAL AMOUNT OF CLAIM 3,000,000.00

you have assigned your right of recovery please indicate assignee's name and address.
COPY OF ASSIGNMENT MUST BE ATTACHED. _____

you have received any compensation for your loss please state identity and amount of
ment received. ___(o)___

| ADDRESS CHANGE - IF DIFFERENT FROM ABOVE | NAME AND ADDRESS OF YOUR ATTORNEY (IF ANY) |
|---|---|
| (PLEASE PRINT) | (PLEASE PRINT)<br>Ronald L. Lloyd |
| ME | NAME OF ATTORNEY<br>904 Sinclair Bbls. |
| FILING ADDRESS | MAILING ADDRESS<br>Steubenville Ohio 43952 |
| TY STATE ZIP CODE | CITY STATE ZIP CODE |

ndersigned subscribes and affirms as true under the penalties of perjury as follows: that he has read the foregoing proof
aim and knows the contents thereof; that this claim of ($_____) against the above named Company is justly
to the claimant; that there is no setoff, counterclaim or defense to the claim thereto except as above stated; that the
rs set forth above and in any accompanying statements are true of his own knowledge except as to matters specifically stated
alleged upon information and belief that, as to such matters he believes them to be true; that no payment of or on account
aforesaid claims has been made except as above stated.

76-1304/1049
213043-5069T

APRIL 9, 19 92

SIX HUNDRED FORTY-TWO AND 99/100##~~~~~~~~~~~~~~~~~~~Dollars | $ | 642.99##

TERRY FISH
41487 N. Park Dr
Beallsville OH 43716

⑆0ᑊ36-28⑆ ⑈1049 13048⑈ 09100435⑈

DRAFT MUST BE ENDORSED BY ALL PAYEES
The payee accepts this draft in full settlement
of and in complete release of the claim or ac-
count shown on the reverse side.

AP '92 15

040-0012-0

0-50-0030-0
503902365 04-14-92

AP '92 15

970413 003
-1496 CITIZENS NATIONAL BK WOODSFIELD OH 432205875<
104 0001-6

⑆09100435⑆

(Attachment F) Plaintiff's

0 203

**RONALD K. LLOYD**
**ATTORNEY AND COUNSELOR AT LAW**
**123 South Fourth Street**
**Steubenville, Ohio 43952**
**(614) 282-3600  Fax (614) 282-8742**

OCT 2 5

October 21, 1993

**CERTIFIED MAIL**

Sue Edwards
Hugh, Alexander & Assoc.
216 16th Street, Suite 1300
Denver, CO  80202

    Re:  <u>Fish vs. Lara, et al.</u>

Dear Ms. Edwards:

    Enclosed please find a summary of medical expenses as
well as photo copies of medical reports, medical bills and
other medical documentation pertaining to the
above-referenced.

    Should you have any questions or concerns, please do
not hesitate to contact the undersigned.

                       Sincerely,

                       M. CATHERINE SAVAGE

MCS:dmr

(ATTACHMENT G)

(Plaintiff's Attachment)
H

CHARTER RISK RETENTION GROUP INSURANCE COMPANY

| CHECK NO. | DATE |
|---|---|
| 001167 | 11/23/97 |

Liquidation Claim No.      3-OH-00505    Priority: L3
Charter Risk Claim No.     CL006403  002
Loss Date                  03/11/92
Insured Name               HERTZ RENT A CAR
Claimant's Name            TERRY FISH
Reference:                 CLAIMANT/HERTZ RAC

Recommended Claim Allowance      $ 12,500.00
Dividend Distribution %          X  .74.81
Dividend Payment Amount          $ 9,351.25

PLEASE DETACH AND RETAIN FOR YOUR RECORDS

## IN THE DISTRICT COURT OF MCLEAN COUNTY ILLINOIS FOR THE ELEVENTH JUDICIAL CIRCUIT

### Trial Memorandum

PLAINTIFF :                Terry L. Fish
                                10631 Jacamar Drive
                                New Prot Richey , Fla., 34654-1414

COUNSEL :                Pro Se

                                Vs.           General # _____

DEFENDANT :           John Nottoli d/b/a/ Hertz Rent A Car Licensee
                                2810 Empire Street
                                Bloomington Illinois 67102

COUNSEL :                James Ginzkey
                                202 W. Center St.
                                Bloomington Illinois 67102

DATE , TIME , PLACE : ( Automobile accident on Interstate I-70 , in Belmont
                                  County , Ohio , in the State of Ohio on March 11 , 1992.)

NATURE OF CASE :    ( Plaintiff seeks to have the contract to pay for all medical
                                expenses , physical injury , and economic losses suffered
                                due to the negligent and careless operation of the defendant's
                                rental vehicle operated by the defendant's contractual
                                operator , Ricardo Lara. The Plaintiff was driving on Ohio
                                Interstate 70 , in Belmont County Ohio when a collision
                                Occurred when the defendant's rental automobile struck the
                                Plaintiff's auto in the rear resulting in bodily and property
                                Damage , to which the defendant has admitted responsibility)
                                Plaintiff seeks remainder of payment for medical payments
                                and economic losses.)

*Terry Fish*      *April 9, 2005*

*Plaintiff Pro Se*

## IN THE DISTRICT COURT OF MCLEAN COUNTY ILLINOIS
## ELEVENTH JUDICIAL CIRCUIT

**Terry L. Fish , Plaintiff Pro Se**
**10631 Jacamar Drive , New Port Richey , Fla., 34654-1414**

    **Vs.**

**John Nottoli , Defendant**
**2810 Empire Street**
**Bloomington , Illinois 61702**

### AD DAMNUM

The Plaintiff files this *ad damnum* to his complaint and allege that the amount owed by

the Defendant will exceed $ 15,000 , exclusive of court costs .

The Plaintiff attest that the charges exceed $50,000 and is made pursuant to Illinois

Supreme Court Rule 222 (b).

I , Terry L. Fish , the Plaintiff Pro Se in the above captioned Complaint , certify and

Declare , under the penalty of perjury that the foregoing is true and correct.

Executed on this date _april 9_ 20 _005_

_4.09.05_

Terry Fish Plaintiff Pro Se

1063 Jacamar Drive
New Port Richey ., Fla. 34654-1414
727.856.3882

## *IN THE CIRCUIT COURT OF MCLEAN COUNTY ILLINOIS*

| | |
|---|---|
| **Terry L. Fish , Plaintiff Pro Se** ) | **COMPLAINT** |
| **10631 Jacamar Drive ,** ) | |
| **New Port Richey Fla., 34654-1414** ) | **PLAINTIFF"S DEMAND FOR PROPER** |
| ) | **ADJUDICATION FOR INJURIES** |
| **v.** ) | **RECEIVED DUE TO THE NEGLIGENT** |
| ) | **OPERATION OF THE DEFENDANT'S** |
| **John Nottoli d/b/a Hertz Rent** ) | **RENT A CAR BY THE DEFENDANT'S** |
| **A Car Licensee ,** ) | **OPERATOR OF A MOTORIZED** |
| **2810 Empire St.,** ) | **VEHICLE** |
| **Bloomington , Illinois 61702** ) | |

### JURISDICTION AND VENUE

Jurisdiction is conferred upon this Court of the State of Illinois pursuant to Illinois Statute

735 ILSC 5/2-209 , Act Submitting to jurisdiction , (a)  , through an agent ,  thereby

submits such person to the jurisdiction to an Illinois Court , under (1) the transaction of

any business within this State- the Renting of a motorized vehicle to a non-resident ;

(2) Contracting to insure any person and property located within this State at the time of

contracting – the operator and the rental vehicle which was rented from the Defendant's

Rental Business located at 1101 E. Oakland Ave., Bloomington , Illinois ; (7) the making

Of any contract substantially connected with this State ; (12) the performance of duties

As a director or officer of a corporation organized under the laws of this State or having

Its principal place of business within this State; and under (b) A Court may exercise

Jurisdiction in any action arising within this State against any person who :  (3) is

A corporation organized under the laws of this State ; or (4) is a natural person or

Corporation doing business in this State ; and (c) under the Constitution of the United

State as specified in the 14th Amendment. Venue is proper pursuant to 735 ILSC 5/2-102,

**PAGE ONE**

(a) Any private corporation …organized under the laws of this State …..is a residence

Of any county in which it has its registered office or other office or is doing business.

## HISTORY OF THE CASE

On March 11, 1992 , a Rental Motorized vehicle being operated by Ricardo Lara a

Citizen of the Country of Argentina , did strike the rear end of a motorized vehicle being

operated by the Plaintiff. The rental vehicle was contracted by Lara from the

Defendant's Bloomington Illinois Hertz Rent A Car Licensee business. The accident

Occurred on Interstate I-70 , in Belmont County Ohio , in the State of Ohio , upon an

Ohio Highway. The Plaintiff sustained physical injuries : Two (2) ruptured cervical

discs and an abnormal spine curvature medically termed " whiplash ". The injuries

received were due to the proximate result of the Defendant's rental vehicle being

operated in an negligent manner . The original complaint was filed on August 16,1993 in

the Belmont County Ohio Court of Common Pleas. This was within the two (2) year

statute limitation required by Ohio Law ORC 2305.10 for bodily injury. The case was

designated civil case 93-CIV-281. ( Plaintiff's Attach. A ) The Belmont County Court of

Common Pleas failed to assume personal jurisdiction over the defendant , and in doing so

failed to sustain the judgement entry of DEC 8 , 93 . ( Plaintiff's Attach. B ).The entry is

in violation of clearly established law of the State of Ohio under Personal Jurisdiction

Law ORC 2307.382(A)(3),(8) and (9) : " causing tortious injury by an act or omission in

this State ; having an interest in , using or possessing real property in this State ;

Contracting to insure any person , property , or risk located within this State at the time

**PAGE TWO**

contracting. The Belmont County Court of Common Pleas failed to provide independent ,

adequate , separate state law grounds. The entry fails to clearly and reasonably provide

the legal basis of the entry for Civil case 93-CIV-281. This failure of a trial court to

establish a legal decision clearly and expressly are based on independent state law ,

deprives an appellate court jurisdiction over the matter. The Court of Belmont County

Ohio also failed to provide a legal analysis why it was able to assert " subject matter

jurisdiction" . As stated in US Supreme Court opinions:

> " The chief rule which preserves our two systems of courts
> from actual conflict of jurisdiction is that the court which
> first takes the subject matter of the litigation into its control,
> whether this be person or property , must be permitted to exhaust
> its remedy , to attain which it assumed control , before the other
> court shall attempt to take it for its purpose."

*Ponzi v. Fessenden , 258 US 254 (1922)*

> " but only for prescriptions delineating the classes of cases (subject matter
> jurisdiction) and the persons (personal jurisdiction) falling within a
> court's a judicatory authority.

*Quoting ; Scarborough v. Principi , Secretary of Veterans Affairs ,No.02-1657 (2004),
Citing : Kontrick v. Ryan 540 US _____(slip op. At 10), No 02-819 (2004)*

The Ohio judicial proceedings which establish the personal jurisdiction over the

Defendant and the jurisdiction over the subject matter are :

1) *Tipton v. Fleet Maintenance Co., ( Common Pleas 1957) 142 NE 2d 882 :*

> " Non resident operator , who , while using highways within the
> state of Ohio negligently caused injury to another , since term
> operator in statutes includes one for whose purpose a motor vehicle
> is being operated ."

**PAGE THREE**

2) *Ross v. Spiegel, ( 1977 ), 373 NE 2d 1288 :*

> " The defendant derived a substantial benefit from the use of
> his rental vehicle subjecting the defendant to liability."

These judicial proceedings are consistent with the US Supreme Court rulings which

Discuss the liability incurred by any individual or any person , agent or actor engaged

in any activity on behalf of that individual. The failure of the Belmont County

Common Pleas Court of Ohio to assert proper jurisdiction , and the failure

Of the Belmont County Common Pleas to sustain and support the one sentence entry

Is inconsistent with the previous Ohio Court rulings and is in conflict with the US

Supreme Court rulings discussed infra. The matter of facts show that the defendant

is liable for the payments due for medical bills and economic losses. The Mclean County

Circuit Court of Illinois has jurisdiction over the defendant , who is and has been

Incorporated as a business in Mclean County as a Hertz Rent A Car Licensee ;

And that the rental vehicle was contracted for use from the defendant's rental

Car business at 1101 E. Oakland Ave., Bloomington Illinois 61701 , the

Contract to pay all related medical expenses and economic losses is enforceable.

The failure of the Ohio Court[s] to assert jurisdiction , and the failure to discuss

All the genuine issues of a material fact upon which relief can be granted , is in

Conflict with clearly established law.. The payments made by the defendant's

Risk Retention Group for physical damage to the Plaintiff's car , and the subsequent

Partial payment made by the defendant's Risk Retention Group for medical bills ,

Are proof of the acceptance of liability by the defendant. This proof is discussed below.

## PAGE FOUR

The Plaintiff has also clearly proved that a contract to pay for all medical bills and economic losses incurred by the Plaintiff due to the negligence operation of the Defendant's rental vehicle by the defendant's operator pursuant to Ohio Law ORC 1302.29. the defendant allowed his Charter Risk Retention Group , which was incorporated in the state of Nebraska , to make a partial payment of $642.99 on April 9 , 1992 for damage to the plaintiff's vehicle caused by the negligence of the defendant's operator striking the plaintiff's vehicle from behind. ( Plaintiff's Attach.C ) The defendant then allowed his Risk Retention Group , which was now in liquidation , To make a a partial payment of $ 9, 351.25 on November 23, 1997 ( Plaintiff's Attach. D ) The defendant has established a contract by his course of conduct . By seeking the Benefits and protection of Ohio Laws as the defendant has done by filing his defenses in the Common Pleas Court of Belmont County and Monroe County Common Pleas Court for Civil Case 2002-94 , by citing Ohio Law and claiming that Ohio Personal Jurisdiction Law is inapplicable by invoking Ohio Law , Civil Rule of Procedure 12(B).

( Plaintiff's Attach. E ). This has been verified by US Supreme Court ruling *Hanson v. Denckla 357 US 235-263 (1958)*. In addition , the defendant 's rental vehicle was being operated for the direct benefit of the defendant as the operator paid a daily rental fee , a daily mileage fee , and refilled the fuel tank , all for the benefit of the defendant. As stated by the US Supreme Court once a defendant places his product in to the stream of commerce , there is no need to show additional conduct by the defendant aimed at the forum State. *Ashai Metal Industry Co., v. Superior Court of California, 480 US 102 ( 1987 ).*The State of Illinois is required to give full faith and credit to the court rulings

**PAGE FIVE**

Of Ohio which have been quoted by the Plaintiff. This is required by Article IV ,

Section 1, of the Federal Constitution.

> " Full faith and Credit shall be given in each State to the Public Acts,
> Records , and Judicial Proceedings of every other State."

And section 2 , the Privileges and Immunity Clause :

> " The Citizens of each State shall be entitled to all privileges
> and Immunities of Citizens of the several States."

The Plaintiff is entitled to access to the courts of Illinois for relief of the tortious acts

Committed by the defendant. The fifteen (15) year statute of limitation as specified under

Ohio Law ORC 1302.09as the defendant has admitted to the liability of his rental auto

Being operate in a negligent manner. Such is verified in US Supreme Court ruling

*Franchise Tax Board of California v. Hyatt et al. No. 02-42 (2003) :*

> " The full faith and credit clause "is exacting" with respect to a final
> judgment rendered by a court with a judicatory authority over the subject
> matter and persons governed by the judgment, *Baker v. General Motors
> Corp. 522 US 222 , 223* but is less demanding with respect to choice of
> Laws." The clause does not compel a state to substitute the statutes of
> Other states dealing with a subject matter concerning which it is
> competent to legislate ."

The State of Ohio has competently legislated the Personal Jurisdiction Law , which has

not been competently ajudicated by the Ohio Courts.

> " The State where the tort occurs certainly has a concern
> in the problems following in the wake of the injury."

*Carroll v . Lanza , 349 US 408 (1955)*

> " Few matters could be deemed more appropriately the concern of the
> State in which an injury occurs or more completely within its power."

*Pacific Employers Ins. Co., v. Industrial Accident Comm'n306 US 493,501 (1939)*

**PAGE SIX**

" We have recognized , instead , that " it is frequently the case under
the Full Faith and Credit Clause that a court can lawfully apply either
the law of one State or the contrary law of another."

*Sun Oil Co., v. Wortman , 486 US 717, 722 ( 1988 ).*

Full faith and credit must be given to the matters of fact and matters of law as stated by

the Plaintiff pursuant to the Doctrine of Comity – an accommodation policy under which

the courts of one state voluntarily give effect to the laws and judicial decisions of

another state out of deference and respect, to promote harmonious interstate relations.

[ See *F.T.B.C. v Hyatt , supra* ]

Full faith and credit can not be given to the Trial Courts of Ohio as they have failed to

Provide adequate , independent , separate state law grounds to sustain and support the

Plaintiff's proofs, and the convoluted and conflicting opinions by the Ohio Appellate

Court are moot as it does not have jurisdiction due to the failure of the Ohio Trial Court

to discuss the Plaintiff's proofs.

" A State Court's decision is " contrary to.. clearly established Federal Law
if the state court applies a rule that contradicts the governing law set forth
in our cases , or if the state court confronts facts that are materially
indistinguishable from a relevant Supreme Court precedent and arrives at
result opposite of ours."

*William v. Taylor , 529 US 362 , 405 (2000) , quoting Bell , Warden v. Cone 04-394 ,
( 2004 ).*

The failure of a state trial court of Ohio to perform the legal analysis to determine

jurisdiction , personal and subject matter , is in violation of US Supreme Court rulings

stated in *Piper Aircraft CO., v. Reyno 454 US 235 , 102 Sct . 252 (1981) and Worldwide

Volkswagen v. Woodson , 444US 286-290 , 100Sct. 252 (1980):*

## PAGE SEVEN

" The first step involves determining whether the defendants actions
satisfy a state's long arm statute. The second step involves determining
whether the defendant's contacts with the forum state satisfies federal due
process requirements of the Fourteenth Amendments."

A proper legal analysis by the Ohio Trial Court[s] would have shown that the State of

Ohio has personal jurisdiction and jurisdiction over the subject matter. The State of Ohio

Trial Court[s] failed to perform a legal analysis to show that under the common law

Doctrine of Forum Non Conveniens , the trial courts of Ohio are a convenient forum

as the adequate remedy available is in a state court under state law. The doctrine

accords a preference to the plaintiff's choice of forum. As stated in US supreme Court

ruling *Nixon v. Warner Communications Inc., 435 US 589 , 602-604 (1978)* :

" Public interest in understanding the judicial system , courts must inform the
public of the basis of its decision."

The failure of an Ohio trial court[s] to abide by the clearly established law shows that

Laches does not apply :

" the elements of laches are (1) unreasonable delay or lapse of time in asserting
a right , (2) absence of an excuse for the delay ,(3) knowledge , actual or
constructive , of the injury or wrong , and (4) prejudice to the other party."

*" State ex. Rel. Ascani v. Stark Cty. D. of Elections 83 Ohio St 3d.,
490 , 493 (1998). Ohio Supreme Court*

Neither is the doctrine of Res A judicata applicable . The Plaintiff has raised genuine

issues of a material fact upon which relief can be granted , but these legal issues were

never addressed by the Ohio Courts. The Ohio 7th District Appellate Court lacked

Jurisdiction and failed to address this issue. In addition , the legal representation of the

Plaintiff's legal counsel was so far below constitutional standards that this lawyer was

**PAGE EIGHT**

Disbarred and imprisoned. ( see Plaintiff's Attachment G , concerning Disciplinary

Council of Ohio v. Lloyd, 71 Ohio St. 3d 312).

In order to comport to judicial economy and to insure the fair and efficient administration

of justice the Plaintiff has attached those filings made in the Ohio Courts to show the

failure of the Courts of Ohio to address the issues raised by the Plaintiff ; and the failure

of the Ohio Courts to take proper jurisdiction over the personal jurisdiction and the

subject matter jurisdiction ; the failure to provide independent and adequate , separate

state law grounds , failure to discuss all issues raised and thus preserved by the Plaintiff;

failure to perform all legal analysis required by clearly established law ; the patent and

ambiguous lack of jurisdiction by the Ohio Appellate Court and its failure to abide by

established precedent :

> " Therefore , in cases of patent and unambiguous lack of jurisdiction
> the requirement of lack of an adequate remedy need not be proven
> because the availability of alternative remedy like appeal need not be
> proven because the availability of alternative remedy like appeal would
> be immaterial." State ex. Rel. State v. Lewis , 99 Ohio St 3d 97 ( 2003 )

The Plaintiff is entitled to recover the remaining damages from the defendant pursuant to

The Doctrine of Equitable Relief established in *Hazel-Atlas Glass Co., v. Hartford*

*Empire Co. ( 1944 ) 322 US 238-246 , 64 Sct. 997-1001:*

> " Equitable relief against fraudulent judgments is not a statutory creation.
> It is a judicially remedy fashioned to relieve hardships which , from time
> to time , arise from a hard and fast adherence to another court made rule ,
> the general rule that judgments should not be disturbed after their entry
> has expired . Created to avert the evils of archaic rigidity , this equitable
> procedure has always been characterized by the flexibility which enables it
> to meet new situations which demand equitable intervention , and to afford
> all the relief necessary to correct the particular injustice involved."

## PAGE NINE

The Plaintiff has shown in his complaint that the failure of the courts of Ohio to exert

proper jurisdiction gives the Illinois Court jurisdiction over the defendant and the

tortuous acts committed by the defendant's rental car operator and the illegal entry

of the Belmont County Court of Common Pleas is removable.

I certify under the penalty of perjury that the foregoing is true and correct.
Executed on ___ *April 9 2005* ___

*Terry Fish 4.09.05*

Terry L. Fish
10631 Jacamar Drive , New Port Richey Fla. 34654-1414
727.856.3882


## PROOF AND CERTIFICATE OF SERVICE
## UPON DEFENDANT

The Plaintiff certifies and declares that a true and correct copy of the aforementioned
Complaint has been sent postage pre paid via US Mail to the Defendant 's address
2810 Empire St., Bloomington Illinois 61702.

Terry L. Fish        Executed on ___ *April 9 2005* ___


## PAGE TEN

P.O. Box
2420

Law & Justice Center
104 W. Front St.
Bloomington Illinois
61702 - 2420

# RECORD SHEET

Case No      05 L 74

Nature of Case    MONEY DAMAGES

Attorney      PRO SE

TERRY L FISH
                                    PLAINTIFF

-VS-

JOHN NOTTOLI DBA HERTZ RENT A CAR LICENSEE
                                    DEFENDANT

| DATE | | | JUDGE AND REPORTER | | COSTS DOLLARS CENTS | |
|---|---|---|---|---|---|---|
| 05 | 16 | 05 | SOUK | AFFIDAVIT OF THE PLAINTIFF – REQUEST TO PROCEED IN FORMA PAUPERIS FILED PURSUANT TO RULE 298 FILED | | |
| 05 | 16 | 05 | | JUDGE ASSIGN SHEET FILED | | |
| 5 | 16 | 05 | | Request To Proceed In Forma Pauperis - Denied | | |



**STATE OF ILLINOIS**

## APPELLATE COURT

CLERK OF THE COURT
(217) 782-2586

**FOURTH DISTRICT**
**201 W. MONROE STREET**
**P.O. BOX 19206**
**SPRINGFIELD, IL 62794-9206**

RESEARCH DIRECTOR
(217) 782-3528

DATE:  02/08/06

RE:  Fish, Terry v. Nottoli, John d/b/a Hertz
     General No:   4-05-0784
     McLean 05L74
     Order Filed:  11/16/05

I have today issued the mandate of this court in the above
entitled cause, pursuant to the provisions of Supreme Court
Rule 368.

                              DARRYL PRATSCHER, CLERK
                              Appellate Court
                              Fourth District

TO: Terry Fish
    10631 Jacamar Drive
    New Port Richey, FL  34654-1414

    James P. Ginzkey
    Hayes, Hammer, Miles, Cox & Ginzkey
    202 North Center Street
    Bloomington, IL  61701

    Sandra K. Parker (with mandate)
    Circuit Clerk, McLean County

    The Honorable James E. Souk (with information copy of mandate)
    5C Law & Justice Center
    104 W. Front Street
    Bloomington, IL  61701

State of Illinois
Appellate Court
Fourth Judicial District

**COPY FOR YOUR INFORMATION**

In the APPELLATE COURT sitting at SPRINGFIELD, within and for the State of Illinois.

Present:    Honorable ROBERT W. COOK, Judge
            Honorable JAMES A. KNECHT, Judge
            Honorable ROBERT J. STEIGMANN, Judge

BE IT REMEMBERED, that on the 16th day of November, 2005, the final judgment of said Appellate Court was entered of record as follows:

TERRY FISH,                              General No: 4-05-0784
    Plaintiff-Appellant,
    v.                                   Appeal from the
JOHN NOTTOLI d/b/a HERTZ RENT A CAR      Circuit Court of
LICENSEE,                                McLean County
    Defendant-Appellee.                  05L74

        It is the decision of this court that the appeal be and the same is DISMISSED.

        Costs, if any, to be taxed in accordance with the law.

        As Clerk of the Illinois Appellate Court for the Fourth Judicial District and keeper of the records, files and Seal thereof, I certify that the foregoing is a true statement of the final order of said court in the above entitled cause, of record in my office.

                        IN WITNESS WHEREOF, I have set
                        my hand and affixed the Seal of
                        the Illinois Appellate Court for
                        the Fourth Judicial District,
                        this 8th day of February, 2006.


                        Clerk, Appellate Court for the
                        Fourth Judicial District

### *IN THE FOURTH DISTRICT APPELLATE COURT OF ILLINOIS*

| | |
|---|---|
| Terry Fish , Plaintiff – Appellant | [  APPEAL FROM CIRCUIT COURT OF |
| 10631 Jacamar Drive , | [   MCLEAN COUNTY FOR CIIVL CASE |
| New Port Richey Fla., | [  05 L 74  ; GENERAL NO., 4-05-0784 |
| 34654-1414 | [ |
| | [  APPELLANT'S REQUEST FOR |
| vs. | [  RECONSIDERATION OF DISMISSAL OF |
| | [  APPEAL |

John Nottoli d/b/a – Appellee –
Defendant
Hertz Rent A Car , Licensee
2810 Empire St.,
Bloomington Illinois 61702

The  Appellant , Terry Fish , based on his timely response to the letter of  11/07/05 in

Which the Appellant was to show just cause on or before 11/14/05 for failure to file a

Record on appeal. As stated in the Appellant's response executed on November 14 , 2005

The Appellant was contacted by Betty of the Mclean County Court concerning whether

or not the Appellant had received a " case management " report and would the Appellant

be able to attend a case management conference scheduled for Tuesday October 25 ,

2005. ( These matter of facts are discussed in the Appellant's attached letter on

November 14 , 2005 ). The Appellant stated that it was his understanding that an appeal

was the appropriate adequate remedy available at law , based upon the REORED SHEET

for Civil Case 05 L 745. A subsequent sheet stated that the Appellants request for filing

*in form pauperis*  was denied and that the matter was ' frivolous '. The clerk Betty was

to verify the proper status of this case , but the Appellant has not been contacted by

either the clerk of the trial court or the Appellate court as the Appellant has requested

a determination be made as to the proper venue for this case.

**PAGE ONE**

In addition , the letter of 11/07/05 was received by the Appellant on November 12 , 1005

Saturday as Friday , November 11, 2005 was a legal federal holiday. The Appellant sent

Out his response on November 14 , 2005. The Appellant acted with diligence in

Responding to the Court's requirement of the 11/07/05 letter to show cause. The

Appellant has shown cause that the confusion of the proper Court for the case to be

Determined is still in question. The Mclean County Court claims a trial was to be held,

while it is unclear if the appeal was properly granted. The Appellant , in order to exercise

His right to due process and equal protection and equal justice under the law again

request that a proper determination be made so the Appellant may proceed with his

case as he did I his November 14 , 2005 request.

Executed on December 10 , 2005

I certify and declare under the penalty of perjury that the fore going is true and correct.

*12, 14. 05*

Terry Fish  Appellant Pro Se

10631 Jacamar Drive
New Port Richey Fla., 34654-1414
727.856.3882

### CERTIFCATE OF SERVICE

A true and correct copy of the foregoing has been sent to the defendant John Nottoli ,
postage prepaid via US first class mail.

*12, 14, 05*

Terry Fish  Appellant

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS – 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS

Terry L. Fish

11251 Knotly Pine Dr.
New Port Richey Fl.
34654-1946

(727.852.1638)

**DEFENDANTS** John Nottoli d/b/a Hertz Rent a Car Licensee, 2810 Empire St. Bloomington Illinois 67102

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Pasco__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Mclean__
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Pro Se

ATTORNEYS (IF KNOWN) James Ginzkey
202 W. Center St.
Bloomington Illinois 67102 (309.828.7331)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☑ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☑ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☑ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 388 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS – Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

| REAL PROPERTY | CIVIL RIGHTS | PRISONER |
|---|---|---|
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 USC 1331 ; 28 USC 1332 (a),(b); (c)(1): Enforcement of established contract for full relief for injuries suffered in Auto Accident which occurred in the State of Ohio

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ 150,000    CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ YES    ☑ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE ⌐    DOCKET NUMBER _____

DATE    May 10, 2006

SIGNATURE OF ATTORNEY OF RECORD    Terry Fish    may 10, 2006